UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NO. #00-6010Cr

    Plaintiff,                                      JUDGE: FERGUSON

v.

KENTORICE WILLIAMS, ET AL,

    Defendant.

                                        /

**NIGHT BOX
FILED

SEP 2 2 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT

COMES NOW the Defendant, KENTORICE WILLIAMS, by and through his

Undersigned counsel, and hereby files his Objections to the Pre-Sentence Investigation

Report:

### The Offense Conduct

In the description of the events that led to the Defendant's arrest, the Pre-Sentence

Investigation Report indicates that on September 1, 1999 the Confidential Informant went

looking for the Defendant at the Defendant's home. At the Defendant's home was co-

defendant Hunter.

According to the Pre-Sentence Investigation Report, the negotiation was for Five

Hundred ($500.00) Dollars worth of Crack; but only Four Hundred ($400.00) Dollars

changed hands.

The net weight of the cocaine base involved in this transaction indicates 12.9

grams of cocaine base. (See attached Exhibit A - Lab Report)

1



The Pre-Sentence Investigation Report alleges other crack cocaine sales by co-defendant Hunter, but they do not involve or reference any participation or activity by Kentorice Williams.

The Defendant disputes that he conspired to sell 43.8 grams of cocaine base. His only transaction involved significantly less; 12.9 grams of cocaine base.

The Defendant does not dispute his involvement in the September 9th transaction with co-defendant Hunter. The Defendant freely admits his involvement in that transaction, however, counsel knows of no facts or evidence that would support his being held responsible for the full amount of the cocaine alleged in the conspiracy.

**Role Assessment**

If the Defendant is held responsible for the entire amount of crack cocaine in the conspiracy, he should be considered for a downward departure due to his mitigating role in the offense.

**Acceptance of Responsibility**

Statement of Kentorice Williams is attached hereto. (Attached as Exhibit B)

**APPRENDI V. NEW JERSEY**

In Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), decided by the United States Supreme Court on June 26, 2000, the court dealt with the issues of sentencing enhancements.

Apprendi stands for the proposition that the quantity of controlled substance in a case is not only a factor to be considered at sentencing, but also the fact that the jury, not

2

the judge, must find beyond a reasonable doubt, because this factor increases the potential sentence of the defendant.

The obvious effect of Apprendi is to require the quantity of drugs to be determined as a element of the crime and not just a sentencing factor. The offenses charged in this Indictment, as well as the offenses enumerated in 21 U.S.C. 841 contain a mens rea requirement. Since the quantity of drugs in this case substantially increases the punishment to which Mr. Williams would be exposed to (Base Offense level 12 to Base Offense level 30), the statutes' mens rea would attach to this element of the offense. [1]

In Jones v. U.S. 526 U.S. 227 (1999) the Supreme Court dealt with an analysis of the Car-Jacking statute. In that case, the defendant was convicted of car jacking. At Jones' sentencing, the prosecution proposed a Twenty Five (25) year sentence because one of the victims had suffered serious bodily injury. Although this factor was not in the Indictment and never placed before the Jury, the District Court determined by a preponderance of the evidence that serious bodily injury had resulted and sentenced the defendant to Twenty Five (25) years.

The Supreme Court reversed, holding that the issue of serious bodily injury was not a sentencing factor, but was an element of the offense.

---

[1] Apprendi calls into question the precedential force of the antecedents of U.S. v. Hester, 199 F.3d 1287, 1291 (11th Cir. 2000)(noting that this Circuit has "clearly rejected the characterization of the amount of drugs as an element of the offense under [21 U.S.C.] § 841."), and of the progeny of U.S. v. Simmons, 725 F.2d 641, 643-45 (11th Cir 1984)("the crime [under §841] can be proved without any consideration of the amount involved").

3

[page header]

In <u>Castillo v. U.S.</u>, 120 S.Ct. 2090 (2000) the defendant was convicted of knowingly using or carrying a firearm during or in relation to the commission of a crime of violence. At sentencing, the trial court determined that the "firearms" in the case included hard grenades and machine guns equipped with silencers.

The guidelines for use of a machine gun, etc. carried a penalty Six (6) times more severe than the punishment for using a firearm.

The Supreme Court held that in such instances the specific weapons, ie. machine guns, were an element of the crime and had to be proven and found beyond a reasonable doubt by a jury; and were not merely sentencing factors to be determined by the preponderance of the evidence by the court.

After <u>Jones</u> and <u>Castillo</u> came <u>Apprendi</u>. [The direction of the Supreme Court is clear.]

Sentencing enhancements such as drug amounts are elements of the crime that must be proven to a jury. This would especially apply as in a case such as this because a defendant could conceivably face a sentence disparity of Level 12 (10-16 months) to a Level 30 (97-121 months). This is the same type of sentencing disparity which was a concern to the Supreme Court in <u>Castillo</u>.

The indictment in this case does not allege any quantity of controlled substance which would trigger a mandatory minimum sentence or a sentencing enhancement. Hence the Defendant, under the indictment to which he pled, should face a sentencing range of 0-20 years, not 5-40 years.

4

The indictment charges the Defendant in Count I; Conspiracy to possess with intent to distribute cocaine base pursuant to 21 U.S.C. 841(a)(1) and 846; and Count II; with Possession of crack cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1), and 18 U.S.C. 2. The penalties provision of that statute, 21 U.S.C. 841(b) is not mentioned in the Indictment.

21 U.S.C. 841(b)(1)(B)(iii) calls for a penalty of from 5 to 40 years imprisonment. Section C states a person who possesses a quantity of a Schedule Il- Controlled Substance (without alleging a specific amount) faces a maximum of only twenty (20) years.

Accordingly, pursuant to Apprendi, Castillo, and Jones, the Defendant would respectfully request this Court not apply the sentencing enhancements called for in §2D1.1 of the Sentencing Guidelines and rule that the appropriate offense level in this case is Level 12.

The Defendant would alternatively urge this Court to determine that in addition to Apprendi, the guidelines when applying §2D1.1 overstate the seriousness of Mr. Williams' participation in this offense.

## Prior Record

FELONIES - The Defendant has no felony convictions. The Defendant has one felony arrest. This occurred on November 19, 1997 wherein Mr. Williams was a passenger in a stolen vehicle and he was arrested for Grand Theft. That charge was dismissed.

MISDEMEANORS - The Defendant was arrested on February 5, 1997, June 24,

5

1998, and May 28, 1999 for Operating a Vehicle Without a Drivers License. None of these offenses impact the guidelines.

On April 20. 1997 the Defendant was arrested and charged with Possession of a Weapon and Resisting Arrest Without Violence. The facts presented in the Pre-Sentence Investigation Report indicate serious search and seizure issues which were never raised or litigated. It was his second arrest (the first being Driving a Vehicle Without a License).

The resolution in that case was, Count I - Thirty (30) days jail followed by Six (6) months probation; Count II - Thirty (30) days jail, followed by Six (6) months probation, consecutive to Count I. The Defendant was not represented by counsel in this case. (See Disposition attached hereto as Exhibit C)

On June 1. 1998 (right before his probation was to be terminated) the Defendant was violated on his probation for failure to pay his fines and court costs. His sentence on the probation violation was Sixty (60) days in jail. The Defendant was not represented by Counsel. (See Disposition Sheet attached hereto as Exhibit D) This seems manifestly unfair in light of the Defendant's economic circumstances. [2]

According to the Pre-Sentence Investigation Report, the Defendant was arrested on January 19, 2000 for possession of marijuana. According to the available record, he was

---

[2] The Pre-Sentence Investigation Report at page 12, paragraph #40 states that the Defendant, who always lived with his mother, grew up in public housing under poor economic conditions. He has no specialized training or vocational training. (PSI page 14, para. 51) He did not graduate high school. Mr. Williams presently lives with his mother and other relatives in a lower middle income area of Fort Lauderdale. (PSI page 12, para. 50)

6

sentenced to time served of two (2) days in jail. (See attached Exhibit E) The Defendant
was not represented by counsel in this matter.

## Criminal History Computation

The Pre-Sentence Investigation Report evaluated the two (2) misdemeanor
convictions and their attendant circumstances and has determined that Mr. Williams has a
total of five (5) criminal history points and therefore a criminal history category of III.

The Defendant contests this computation. The Defendant was not represented by
Counsel in either misdemeanor offense, and they should not be counted. Therefore that
Criminal History Category 1 is the appropriate category. The Prosecution has the burden
of establishing that any waiver of counsel is knowing and voluntary. Faretta v. California,
422 U.S. 806 (1975).

## Employment History

In 1999, the first year Mr. Williams was able to secure employment, he worked for
three (3) months for Carl's Furniture; three (3) months cutting grass for Earth Works
Lawn Service, and one (1) months at Coastal Furniture Warehouse; and one (1) months at
Green on Green Lawn Service.

In 2000, Mr. Williams worked from January to March as a dishwasher at the
Lobster Trap, and from March to present, he has worked as a dishwasher at the Airport
Inn.

The Pre-Sentence Investigation Report correctly concludes that Mr. Williams has
no ability to pay a fine.

7

## Substance Abuse

The Defendant has freely stated that he has used marijuana and alcohol on a daily basis for the past several years.

## Motion for Downward Departure

Pursuant to <u>Koon v. U.S.</u> 116 S.Ct.2035, 518 U.S. 81 (1996), the Court can examine sentencing factors individually; and cumulatively, to determine if the unique facts and circumstances of this case require a downward departure.

The strict application of the guidelines produces startling consequences which vastly overstate the offense conduct.

Additional issues may be raised as they develop for presentation at the Sentencing hearing.

I HEREBY CERTIFY that a copy of the foregoing Defendant's Objections to the Pre-Sentence Investigation Report has been provided by U.S. mail to AUSA Edward Ryan, 500 E. Broward Boulevard, Suite 700, Fort Lauderdale, Florida, and co-counsel Michael Smith, Esquire, 633 S.E. 3rd Avenue, Suite 4F, Fort Lauderdale, Florida, 33301, this 2 2cday of September, 2000.

Respectfully submitted.

CHRISTOPHER A. GRILLO, P.A.
CJA Counsel for Accused
1 East Broward Boulevard, #700
Fort Lauderdale, FL 33301
(954) 524-1125

CHRISTOPHER A. GRILLO, ESQ.

8

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) [x] Purchase [ ] Seizure [ ] Free Sample | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|
| [ ] Lab. Seizure [ ] Money Flashed [ ] Compliance Sample (Non-Criminal) [ ] Internal Body Carry [ ] Other (Specify) | GS-99-0067 | MET 100 | GCC3L |

| 4a. WHERE OBTAINED (City, State/Country) Ft. Lauderdale, Florida | 4b. DATE OBTAINED 09/01/99 | 5. FILE TITLE HALL, Thomas | | |
|---|---|---|---|---|
| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL [ ] Case No. OR [ ] Seizure No. No. | 7. DATE PREPARED 09/01/99 | 8. GROUP NO. 14 | |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 44 | | crack cocaine | one plastice baggie and | | 47.6g | $400.00 |
| | | | numerous pieces of a | | | |
| | | | yellowish white substance | | | |
| | | | suspected crack cocaine. | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?   [x] NO (included above)   [ ] YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

On September 1, 1999, a Ft. Lauderdale Confidential Source(CS)purchased Exhibit 44 from Kentorice WILLIAMS in the 900 block of NW 9th St., Ft. Lauderdale, FL. On that same date, the CS relinquished custody of Exhibit 44 to S/A Todd Phillips. S/A Phillips and S/A Reichenbach then processed Exhibit 44. On that same date, S/As Phillips and Reichenbach transported Exhibit 44 to the DEA Ft. Lauderdale Drug Vault for safekeeping. On the date listed below, Exhibit 44 was transported to the S.E.R.L. for analysis and safekeeping.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) S/A Todd K. Phillips | 18. APPROVED BY (Signature & Title) G/S Pamela M. Brown |
|---|---|

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES 1 HSEE | 20. RECEIVED FROM (Signature & Date) 9/9/99 | 21. Print or Type NAME and TITLE TODD K. PHILLIPS s/a |
|---|---|---|
| 22. SEAL [ ] Broken [x] Unbroken | 23. RECEIVED BY (Signature & Date) 9-9-99 | 24. Print or Type NAME and TITLE |

**LABORATORY REPORT**

25. ANALYSIS SUMMARY AND REMARKS                                                                 108877

Exhibit 44 contains cocaine base.

Gross Wt: 48.4 g     Net Wt: 12.9 g

mcs 09/21/99

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 44 | 108877 | cocaine base | 71 | % | | | 11.2 g |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) ALLEN J. CATTERTON 9/22/99 | 35. TITLE FORENSIC CHEMIST | 36. DATE COMPLETED 09/21/99 |
|---|---|---|
| 37. APPROVED BY (Signature & Date) Harold M Janel 9/22/99 | 38. TITLE Laboratory Director | 39. LAB. LOCATION Miami, Florida |

DEA Form - 7
(Sept. 1995)    — Ex A.

Previous edition dated 4/90 may be used until stock is exhausted.          1 - Prosecution

## STATEMENT OF DEFENDANT - KENTORICE WILLIAMS

On September 1, 1999, I sold Four Hundred ($400.00) Dollars worth of Crack. I know it was wrong, but I was so desperate at the time due to family circumstances, and I needed the money.

I accept responsibility for my conduct and actions and regret the problems I have caused for my family and friends.

KENTORICE WILLIAMS
Defendant

$Ex. B$

THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE _____ CASE NO. _____ ARREST NO. _____ AKA _____

DEFENDANT _____

ROR/C/SURETY SUMMONS/CASH BOND _____

TRUST FUND / HOURS COMM. SERVICE _____ AGENCY _____

ASSESSMENT EACH COUNT _____

**COURT STATUS**

- MAGISTRATE
- ARRAIGNMENT
- SENTENCING
- POR
- PCR

- TRIAL
- JURY
- COURT
- 1ST. V.O.
- FINAL V.O.

- CHANGE OF PLEA
- PLED GUILTY
- PLED NOLO

- ADJ. GUILTY
- WITHHELD
- NOLLE PROSEQUI

- VC
- VC EACH COUNT
- DISMISSED

- ACQUITTED

CHARGE(S) _____

SENTENCE _____

COUNT _____

**DUI USE ONLY**

PROBATION W/SPECIAL CONDITION _____

LICENSE SUSP _____

DUI SCHOOL _____

EVALUATION _____

HOURS _____ COMM SERVICE _____

WORK PERMIT _____

JAIL TIME _____

OTHER _____

$ _____ COURT COST _____ 5% _____ VC _____ CJC _____ EMTF

TIME SERVED _____ DAYS

$ _____ FINE _____ COURT COST _____ 5% _____ VC _____ CJC _____

$ _____ FINE _____ COURT COST _____ 5% _____ VC _____ CJC _____

$ _____ FINE _____ COURT COST _____ 5% _____ VC _____ CJC _____

$ _____ FINE _____ COURT COST _____ 5% _____ VC _____ CJC _____

PLUS $ _____ DEFERRAL FEE TO _____

Ex. C

FILE COPY    BY _____ (DEPUTY CLERK)

/S/ _____ JUDGE

# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

**FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.**

DATE 6-29-97  CASE NO. 97-12304MM10A  ARREST NO. _____  AKA _____

DEFENDANT Kentorice Williams

RORIC/SURETY _____ TRUST FUND / HOURS COMM. SERVICE _____
SUMMONS/CASH BOND _____ ASSESSMENT EACH COUNT _____  AGENCY _____

## COURT STATUS

☐ MAGISTRATE    ☐ TRIAL    ☐ CHANGE OF PLEA
☐ ARRAIGNMENT    ☐ JURY    ☐ PLED GUILTY
☐ SENTENCING    ☐ COURT    ☐ PLED NOLO
☐ SET V.O    ☐ ADJ. GUILTY    VC _____
☐ PD    ☐ WITHHELD    VC EACH COUNT _____
☐ FINAL V.O _____    ☐ NOLLE PROSEQUI    ☐ DISMISSED    ☐ ACQUITTED

CH E(S) — Vof
Admits Allegation
Revoke Probation

COUNT _____
COURT COST _____  5% _____  VC _____  CJC _____

CASAP/DUI SCHOOL _____
LICENSE SUSP _____

PROBATION W/SPECIAL CONDITION
HOURS _____ COMM SERVICE _____
CASAP EVALUATION _____  EMTF _____

**DUI USE ONLY**

JAIL TIME _____
OTHER _____

**SENTENCE** — 60 Days revoke w/c 60 days N/S

60 Days N/S

COUNT(S) | TIME SERVED | DAYS
--- | --- | ---
$ _____ FINE | COURT COST _____ | 5% _____ VC _____ CJC _____
$ _____ FINE | COURT COST _____ | 5% _____ VC _____ CJC _____
$ _____ FINE | COURT COST _____ | 5% _____ VC _____ CJC _____
$ _____ PLUS $ _____ FINE | DEFERRAL FEE TO _____ | VC _____ CJC _____

JUDGE _____ (signature)

BY _____ (DEPUTY CLERK)

Ex. D



# THE CIRCUIT/COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA

FAILURE TO PAY FINE BY THE BELOW DATE MAY RESULT IN A WARRANT FOR YOUR ARREST
AND/OR THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DELINQUENCY FEES IMPOSED.

EST —     WAC —

AGENCY   **BCBS**

DATE 3/10-00

CASE NO ___   ARREST NO  D-00002011

REPROS/SURETY   SUMMONS/CASH BOND   _____

DEFENDANT   **WILLIAMS, KIMBERLY**

AKA

CHARGE(S) ___ **CANNABIS/20 GRAMS OR LESS**

**COURT STATUS**

□ TRIAL          □ CHANGE OF PLEA
□ JURY           □ PLED GUILTY
□ COURT          ☑ DEFENDMOLO
□ ISTVO
□ FINAL VO

□ ALL GUILTY
□ WITHHELD
□ NOLLE PROSEQUI
□ PUBLIC DEFENDER FEE

VC
VC EACH COUNT
□ DISMISSED
□ PUBLIC DEFENDER ASSESSMENT

ASSESSMENT EACH COUNT
□ ACQUITTED

**COURT**

FINE

DUI SCHOOL

LICENSE SUSP

COMMUNITY SERVICE HOURS

**PROBATION WITH SPECIAL CONDITIONS**

**DUI USE ONLY**

DAYS IMMOBILIZATION

PAYMENT BY CREDIT CARD: CALL (954) 765-4605
MAIL PAYMENT TO: CLERK OF COURT, 201 SE 6 ST.,
FT LAUDERDALE, FL 33301-3395

FILE _____     RV _____

(Signature)

(DEPUTY CLERK)

$E_x.$ E