UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO. #00-6010Cr

    Plaintiff,    JUDGE: FERGUSON

v.

KENTORICE WILLIAMS,

    Defendants.

_____/

## WRIT OF ERROR CORAM NOBIS

COMES NOW the Defendant, by and through his Undersigned Counsel, and moves to vacate the conviction in the above styled matter, and as grounds therefore would state:

1. On July 17, 2001 this Court entered an Order denying the Defendant's Motion to Extend Surrender Date but granted the Defendant thirty (30) days to amend the Writ of Coram Nobis.

2. On January 13, 2000, the Defendant, Kentorice Williams, was indicted on Count I for Conspiracy to Possess With Intent to Distribute a detectable amount of cocaine. The Defendant was also charged in Count IV with Possession of Cocaine base with Intent to Distribute; all in violation of 21 U.S.C. §841(a)(1), 846 and 18 U.S.C. 2(A-3).

3. On June 15, 2000 the Defendant, pursuant to a Written Plea Agreement, pled to Count I of the indictment with an agreement with the Government that Count IV would be dismissed. The Government agreed that the indictment was based upon one undercover buy.



1

4. On January 16, 2001 this Court held a sentencing hearing where the Defendant argued that his prior State, uncounseled misdemeanor convictions were void and should not be considered by the Court in the calculation of the Federal Sentencing Guidelines, or in the denial of the applicability of the Safety Valve.

5. This Court was concerned that it did not have any basis or authority to make any determination regarding the alleged <u>Gideon v. Wainwright</u>, 372 U.S. 335, 835 S.Ct. 792, 9 L.Ed.2d 799 (1963), defect which appeared on the face of the State misdemeanor convictions. <u>Gideon v. Wainwright.</u>

6. It was and is undisputed that the misdemeanor convictions resulted in this Court's finding of the non-applicability of the Safety Valve in the sentence of the Defendant. At the Defendant's sentencing, this Court stated to the Defendant, "[i]f there would have been any discretion, the sentence I would have given would have been less than sixty (60) months, but for those two (2) prior convictions that your counsel or someone else for you may attack in another proceeding, which could affect the sentence that is ultimately imposed." (Sentencing hearing, page 53-54)

7. The Government argued that there was no basis for the Court to hear a <u>Gideon v. Wainwright</u> violation regarding the Defendant's priors absent a specific predicate finding by the State Court, notwithstanding that the consideration of the two (2) misdemeanor cases, undisputedly resulted in the non applicability of the safety valve and a five (5) year mandatory minimum. But for these misdemeanor convictions, the Government had no opposition to Safety Valve consideration.

8. This Court determined at the Defendant's sentencing that there was no authority which would allow the Court to consider the undisputed fact that the prior misdemeanor

2

convictions were entered on uncounseled pleas in violation of Gideon v. Wainwright. Therefore, the Defendant was not eligible for Safety Valve consideration, and the Court determined that the Defendant had a criminal history score of three (3), and was sentenced to sixty (60) months, (including the five (5) year mandatory minimum) with four (4) years of supervised release. (Sentencing p. 41, 53-56)

9. The Defendant asserts that the two (2) misdemeanor Broward County State convictions which were utilized to arrive at the Defendant's criminal history level were considered in error.

I. In the first case, #97-012504MM10A, the Defendant was nineteen (19) years old when on April 20, 1997 he was arrested for the open carrying of a weapon and Resisting Arrest Without Violence. The disposition sheet of the case indicates that on June 3, 1997 the Defendant was sentenced on Count I to thirty (30) days in jail, to be followed by six (6) months of probation, without counsel being present The Defendant was sentenced consecutively on Count II to thirty (30) days incarceration followed by six (6) months probation.

An Affidavit of Violation of Probation was filed against the Defendant alleging that the Defendant failed to pay the Forty ($40.00) Dollars per month in supervision costs, and was One Hundred and Fifty ($150.00) Dollars behind in his payments. The affidavit of violation also alleged that the Defendant failed to pay the court costs of Sixty Seven ($67.00) Dollars, and a victim fee of Fifty ($50.00) Dollars (no victim fee was alleged to have been applicable in the arresting affidavit), to the Clerk of the Court prior to automatic termination of the Defendant's probation. No determination was made as to the Defendant's ability to pay any fines or costs. CJA Counsel would indicate to this Court that during his representation of the Defendant, Mr. Williams was only able to obtain sporadic employment at minimum wage rates.

3

Pursuant to the Affidavit of Violation of Probation on June 1, 1998 (right before the probation term was to end), the Defendant was sentenced, without appointment or attendance of counsel, to sixty (60) more days in jail on Count II with his probation revoked. On Count I the Defendant's probation was terminated.

II. The Defendant was arrested in January, 2000 in the second Broward County misdemeanor case, #00-001662MM10, for Possession of Marijuana under twenty (20) grams. The arresting BSO officer observed particles of marijuana on the Defendant's lap and floor board where the co-defendant was seated in the front of a vehicle. The arresting officer also observed marijuana leaf-like particles on the pants of the Defendant and at the feet of the Defendant. The Defendant, on the face of the State conviction records, was not appointed an attorney and pled no contest to the arrest affidavit and received a withheld adjudication with credit for time served according to the P.S.I. report. (PSI p. 9)

On March 19, 2001, the Defendant, by and through Undersigned Counsel, filed a State Writ of Error Coram Nobis alleging the violation of the Defendant's rights pursuant to Gideon v. Wainwright in the Broward County court during the plea and sentencing on the misdemeanor counts and subsequent plea to the violation of probation.

## MEMORANDUM OF LAW

According to Lackawanna County Dist. Attorney v. Coss, 531 U.S. 923, 121 S.Ct. 1567 (2001), "[t]he failure to appoint counsel is a unique constitutional defect, rising to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations." Id at 1571. The Court noted that an exception for Gideon claims did not implicate the court's concern about administrative ease. Id.

In the instant case, the State and County courts' failure to appoint counsel for the

4

indigent Defendant resulted in a state, jurisdictional defect, resulting in the misdemeanor conviction being null and void because it was entered in violation of Gideon. To date there has been no hearing or ruling of the State filed Writ of Error Coram Nobis.

According to the Lackawanna v. Coss court, the defendant's convictions played no part in determining the Pennsylvania State court range of sentences to which the defendant was exposed. The court further found that contrary to the court of appeals finding, that the sentencing record was clear that the trial court did not take those prohibited priors into consideration in sentencing the defendant and did not actually affect that sentence. Id at 1578. Contrary to the instant circumstance, defendant Coss alleged that he received ineffective counsel in his writ of habeas corpus, 28 U.S.C. §2254 request for relief. The court observed that in ineffective assistance claims, whether the request for relief comes via 28 U.S.C. §2255 motion to vacate, or in a Writ of Habeas Corpus under 28 U.S.C. §2254, the finality of convictions and case of administration concerns are equally present.

However, in a claim that no attorney was appointed to represent an indigent defendant, Lackawanna is recognized as an exception to those typical concerns and the claim warrants special treatment. The court declared that they had made this exception clear regarding the Gideon exception in Custis v. U.S., 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

The Government's enunciated reason for this Court to rely on the Defendant's misdemeanor priors, which on their face demonstrated a Gideon violation, was administrational ease and finality of judgments. Those concerns are inapplicable according to Lackawanna in a circumstance where the priors demonstrate a Gideon violation. The Court, citing Custis, 511

U.S. at 496, states "because the failure to appoint counsel... will severally appear from the judgment role itself, or from an accompanying minute order." Lackawanna at 1578 citing Custis, Id.

The Defendant's misdemeanor priors were uncounseled. The failure to appoint counsel appears on the face of the Defendant's prior judgment and record. This Court not only may, but is required to review the jurisdictional state defect which is clear. The uncounselled misdemeanor priors which were entered in violation of Gideon were erroneously calculated in arriving at the Defendant's federal sentence and resulted in an erroneous finding that the Defendant was ineligible for Safety Valve.

The Defendant requests that this error be rectified in the federal trial court.

I HEREBY CERTIFY that a copy of the foregoing Writ of Coram Nobis has been provided by facsimile and U.S. mail to AUSA Edward Ryan, 500 E. Broward Boulevard, Suite 700, Fort Lauderdale, Florida, and co-counsel Michael Smith, Esquire, 633 S.E. 3rd Avenue, Suite 4F, Fort Lauderdale, Florida, 33301, this __17__ day of August, 2001.

    Respectfully submitted,

    CHRISTOPHER A. GRILLO, P.A.
    CJA Counsel for Kentorice Williams
    1 East Broward Boulevard, #700
    Fort Lauderdale, FL 33301
    (954) 524-1125

    CHRISTOPHER A. GRILLO, ESQ.
    Florida Bar No. 302661